UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOSERFIDA GARFIL,<br><br>        Plaintiff,<br><br>  v.<br><br>DELL FINANCIAL SERVICES, LLC.; and DOES 1-10, inclusive,<br><br>        Defendants. | No.  2:14-cv-01729-GEB-AC<br><br>**ORDER RE: SETTLEMENT AND DISPOSITION** |

Plaintiff filed a "Notice of Settlement" on January 15, 2015, in which she states:

> Plaintiff has settled her case with Defendant, DELL FINANCIAL SERVICES, LLC.; and DOES 1 to 10, inclusive. The parties are in the process of finalizing settlement, and Plaintiff anticipates the settlement will be finalized in 40 days. Plaintiff respectfully requests that this Honorable Court vacate all dates currently set on calendar for this case.

(Notice of Settlement, ECF No. 19.)

Therefore, a dispositional document shall be filed no later than February 24, 2015. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

1

Further, the Status Conference scheduled for hearing on January 26, 2015, is continued to commence at 9:00 a.m. on March 23, 2015, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1]  A joint status report shall be filed fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  January 22, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2